IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISON

| | |
|---|---|
| AUTO CLUB FAMILY INSURANCE COMPANY | ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | ) ) Civil Action No.: _____ ) |
| HERMAN N. MULLINS, II | ) ) |
| DEFENDANT. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. The Plaintiff, Auto Club Family Insurance Company, (hereinafter "AFIC"), is a stock insurance company incorporated under the laws of, and with its principal offices located in the State of Missouri. AFIC is a corporate citizen of Missouri and is authorized to do business in the State of Alabama.

2. The Defendant, Herman N. Mullins, II (Hereinafter "Mullins"), is, and was at all times pertinent hereto, a resident citizen of Madison County, Alabama over the age of nineteen (19) years.

3. An actual controversy of a justiciable nature exists between AFIC & Mullins involving the rights and liabilities of the parties existing under a contract of homeowner's insurance issued to Mullins by AFIC. The dispute and controversy involves more than Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Jurisdiction in this cause is based upon the amount in controversy and diversity of citizenship (28 U.S.C. §1332).

5. AFIC issued a Premier Select Policy identified as Policy No. P5-123255-1 to Mullins who is the sole named insured. The subject of the insurance is a dwelling house and its contents located at 1211 Hermitage Avenue SE,

1

Huntsville, Alabama, 35801. The policy provides certain coverage for damages to the insured property resulting from losses due to fire and other insured perils as defined by the express terms of the contract. BB&T Mortgage ISAOA is the named mortgagee on the AFIC Policy. The limits of coverage provided are $300,000 for the dwelling and $180,000 for personal property. A $1,000 deductible applies to all losses.

6.  On September 5, 2010, four separate and unconnected fires damaged the dwelling and its contents at 1211 Hermitage Avenue SE, Huntsville, Alabama, insured under the AFIC policy.

7.  Mullins submitted a Sworn Statement in Proof of Loss dated April 30, 2009 claiming from AFIC a total loss of $120,744.97. [Sworn Statement in Proof of Loss – **Exhibit "A"**]

8.  AFIC's investigation revealed that the fires that damaged the insured property were not accidentally caused; and, that material misrepresentations and/or concealment of material facts were made after the loss. Mullins was advised that the claim would be further investigated under a full reservation of rights to resolve the coverage questions presented by the claim.

9.  AFIC notified Mullins that an Examination under Oath, a properly completed and verified Sworn Statement in Proof of Loss, a Personal Property Inventory and production of certain documents would be required as authorized by the policy Conditions. Mullins appeared for an Examination under Oath on December 8, 2010 and provided sworn testimony to AFIC about the claim.

10. The facts and circumstances of the loss presented questions as to whether the loss submitted to AFIC met the policy definition of a "Loss" to be covered by the terms and conditions of the AFIC policy contract.

11. The facts of the claim revealed material misrepresentations were made to, and/or material information was concealed from, AFIC after the loss which breached the Concealment or Misrepresentation provision of the insurance contract and violated Code of Alabama §27-14-28; resulting in no coverage for the claim.

12. AFIC's investigation revealed evidence that the fires were intentionally set and that Mullins either caused or procured their setting thereby removing coverage

2

for the loss pursuant to the Intentional Loss Exclusion of the policy contract and violation of Code of Alabama §27-14-28.

13. These claim facts create an actual controversy of a justiciable nature between AFIC & Mullins involving the rights and liabilities of the parties under the contract of insurance AFIC issued to Defendant Mullins.

14. The AFIC policy provides coverage for losses resulting from fire and other covered perils as stated in the following pertinent provisions of the AFIC Premier Select Policy No. P5-123255-1:

### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

*****

### SECTION I – PERILS INSURED AGAINST

We insure for direct physical loss to the property described in Coverages A, B and C caused by a peril listed below unless the loss is excluded in **SECTION I – EXCLUSIONS.**

*****

### SECTION I – EXCLUSIONS

**We** do not insure for any loss caused directly or indirectly by any of the following exclusions, regardless of the cause of the excluded event or damage; other causes of the loss; whether any other cause or event acts concurrently or in any sequence with the excluded event to produce the loss; whether the loss or event occurs suddenly or gradually, involves isolated or widespread damage or occurs as a result of any combination of these; or whether the loss is caused by, results from, consists of, involves or is contributed to by a natural, human, animal or plant forces

8. **Intentional Loss**

   **We** do not provide coverage for any loss arising out of any act committed by or at the direction of an **insured** with the intent to cause a loss. However, if **you** commit an act with the

3

intent to cause a loss, **we** will provide coverage to an innocent **insured** victim of domestic abuse, as defined in the "Domestic Abuse Insurance Protection Act," to the extent of that person's interest in the property when the damage is proximately related to an in furtherance of domestic abuse.

*****

### SECTIONS I AND II- CONDITIONS

2. **Concealment or Misrepresentation**

This entire policy will be void and all coverages forfeited, and payment will not be made to any **insured**, if before or after a loss, any **insured** has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance, the loss, the presentation of the claim or any other fact or circumstance material to the investigation and adjustment of the claim.

**********

**COUNT ONE**
**Breach of Contract**
**[Concealment and Misrepresentation Provision]**
**and**
**Violation of Code of Alabama §27-14-28**
**[Misrepresentation and/or Concealment]**

15.    AFIC adopts and incorporates by reference the allegations in paragraphs one (1) through fourteen (14) as if fully set out herein.

16.    AFIC avers that Mullins breached the Concealment or Misrepresentation provision of the insurance contract and violated Code of Alabama §27-14-28 by intentionally making misrepresentations after the loss and/or concealing information as to matters material to AFIC's investigation and in presentation of the proof of loss.

17.    AFIC contends Mullins' intentional misrepresentations and concealment of material facts during AFIC's investigation of the claim and in the presentation of the

proof of loss violated Code of Alabama §27-14-28 and breached the Concealment or Misrepresentation provision of the insurance contract resulting in no coverage for the claim.

WHEREFORE, PREMISES CONSIDERED, AFIC prays this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

I. declare the insurance policy contract to be null and void;

II. declare that AFIC has no duty or obligation to Mullins for the claim submitted;

III. declare no coverage is found under the AFIC policy for the claim submitted; and

IV. order such other, further or different general relief as the law requires and to which AFIC may be entitled.

## COUNT TWO
## Coverage Excluded for Losses Intentionally Caused By Any Insured

18. AFIC adopts and incorporates by reference the previous allegations in paragraphs one (1) through seventeen (17) as if fully set out herein.

19. AFIC contends that coverage for Mullins' claim is excluded by the Intentional Loss policy provision due to his involvement in causing or procuring the intentionally set fires which caused the damage to the insured property.

20. Further, the public policy of the State of Alabama precludes any insured from collecting insurance proceeds under circumstances where property is intentionally damaged for the purpose of collecting insurance proceeds.

WHEREFORE, PREMISES CONSIDERED, AFIC prays this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

I. declare the insurance policy contract to be null and void;

II.    declare that AFIC has no duty or obligation to pay the claim submitted by Mullins; and

III.    order such other, further or different general relief as the law requires and to which AFIC may be entitled.

### COUNT THREE
### Breach of Contract
### Concealment and Misrepresentation Provision

21.    AFIC adopts and incorporates by reference its previous allegations stated in paragraphs one (1) through twenty (20) as if fully set out herein.

22.    AFIC contends Mullins' intentional misrepresentations and/or concealment of material facts and information during AFIC's investigation of the claim relative to Mullins' involvement in causing or procuring the fire, presentation of his proof of loss and other surrounding facts and circumstances constitutes the basis for voiding the contract by authority of Code of Alabama §27-14-28 and the Concealment and Misrepresentation provision of the insurance contract.

WHEREFORE, PREMISES CONSIDERED, AFIC prays this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

I.    declare the insurance policy contract to be null and void and that AFIC has no duty or obligation to pay any insurance proceeds to Mullins for the claim submitted;

II.    declare that no coverage is provided by the AFIC policy for the claim submitted by Mullins; and,

III.    grant other, further or different general relief to AFIC as the law requires and to which AFIC may be entitled.

### COUNT FOUR
### Disputed Claim Value

AFIC adopts and incorporates by reference its previous allegations in paragraphs one (1) through twenty three (23) as if fully set out herein.

23. AFIC contends a dispute exists as to the value of the loss.

24. Should the jury determine the insurance policy does provide coverage to Mullins for the claim submitted, AFIC seeks a determination based on the evidence presented at trial to determine the actual value of the underlying claim for the fire damage to the insured property made the basis of claim to AFIC.

WHEREFORE, PREMISES CONSIDERED, AFIC prays this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

   I. declare the insurance policy contract to be null and void and that AFIC has no duty or obligation to Mullins for the claim submitted;

   II. however, should the jury find coverage under the AFIC policy for this claim, then determine the true value of the claim based on the evidence presented; and,

   III. order other, further or different general relief as the law requires and to which AFIC may be entitled.

### AFIC DEMANDS A TRIAL BY JURY

Respectfully submitted,

s/Sue E. Williamson

_____
SUE E. WILLIAMSON [ASB-2601-A41S]
Attorney for Plaintiff,
Auto Club Family Insurance Company

s/DeAnna G. Hay

_____
DEANNA G. HAY [ASB-8836-N61H]
Attorney for Plaintiff,
Auto Club Family Insurance Company

**Of Counsel:**
KLASING & WILLIAMSON, P.C

1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733
(205) 980-4737 facsimile

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Herman N. Mullins, Jr.
6252 Rime Village Drive Apt 102
Huntsville, Alabama 35306

                                            s/ Sue E. Williamson
                                            _____
                                            Of Counsel